KERN HORSE REMEDY CO., Inc., v. SELNER et al.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

CORPORATIONS  ⊕⇒52—CHANGING PLACE OF BUSINESS—NONCOMPLIANCE WITH STATUTE—EFFECT.

That a corporation changes its principal place of business without compliance with Stock Corporation Law (Consol. Laws, c. 59) § 13, does not authorize one to violate his covenant with it not to use its formulæ.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 140–150; Dec. Dig. ⊕⇒52.]

Appeal from Special Term, New York County.

Action by the Kern Horse Remedy Company, Incorporated, against William Selner and another. From an order denying a motion for an injunction pendente lite, plaintiff appeals. Reversed, and motion granted.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Charles Weishaupt, of New York City, for appellant.

SMITH, J. Plaintiff is a domestic corporation organized under the Business Corporation Law of the state of New York (Consol. Laws, c. 4). Prior to February 2, 1914, one George F. Kern, a duly licensed veterinary surgeon and authorized to practice as such within the state discovered, compounded and sold throughout the United States, under the business name and style of "Kern Horse Remedy

Company," various horse medicines and compositions and remedies, the names of which are set forth in the complaint. On February 2, 1914, Kern, for a valuable consideration, sold his rights to the manufacture of these medicines and the formulæ therefor to Josephine J. Schnurmacher, Hector Garten, and the two defendants herein. Thereupon the four vendees organized the plaintiff corporation, and transferred their rights to said corporation by a bill of sale dated the 14th day of February, 1914. Upon the 4th day of March, 1914, Schnurmacher, Garten, and these two defendants executed an agreement, covenanting one with the other as follows:

"That neither or any of them will divulge, expose, sell, or communicate in any way, shape, form, or manner whatsoever, any of the formulæ above mentioned, and that neither or any of them will make use of said formula or formulæ for their own personal use or advantage, directly or indirectly, except while in the employ or in any way connected with the said corporation known as Kern Horse Remedy Co., Inc.

"It is further agreed between the parties hereto that in the event of a breach, or a threatened breach, of the terms of this agreement, that any or all of the parties thereto shall be entitled to an injunction restraining said party or parties about to commit any breach of this agreement, or who have committed a breach thereof, without showing or proving any actual damage sustained by any or either of them, or by the said Kern Horse Remedy Co., Inc., and that this agreement is made for the benefit of themselves, as well as for the benefit of said Kern Horse Remedy Co., Inc."

At the original formation of this corporation each of the parties had apparently 25 per cent. of the stock, which consisted of 100 shares. These four persons were directors of this corporation. Thereafter Gustave Selner, one of the defendants, sold out his interest to his co-directors and separated himself from the business. William Selner, his brother, sold all except 8½ shares of the stock of the corporation. He remained, however, as treasurer of the company and a director. The place of business of the corporation was 247 North Seventh street, Brooklyn. That location was held under a lease by Marcus Schnurmacher, who was the husband of Josephine Schnurmacher, a stockholder and director of plaintiff corporation. He ran a sales and exchange stable. He afterwards transferred his lease to a man by the name of Kelly, and the corporation moved its business to 420 East Tenth street, Manhattan. The two Selners, however, made some arrangement with Kelly, the assignee of the lease, to retain space in the old building at North Seventh street, Brooklyn, and advertised that the corporation was still there, and sold these horse remedies from that place at cut prices, retaining the proceeds thereof, and materially interfered with the plaintiff's business. This action is brought for a permanent injunction, and a temporary injunction is asked during the pendency of the action. From the order of the court, denying the plaintiff's motion for a temporary injunction, this appeal has been taken.

Upon the facts recited the plaintiff would seem to be entitled to the injunction asked for. These defendants transferred their interest in these remedies to the corporation, and covenanted for a valuable consideration not to divulge the formulæ of the medicines, and not to sell except as employés of the corporation, and consented that in case of

158 N.Y.S.—13

violation of their agreement an injunction might be granted by the court restraining such violation. The only justification which they urge in answer to this action is that the plaintiff unlawfully change its principal place of business, and that the requirements of section 13 of the Stock Corporation Law were not complied with in making such change. A failure to comply with such requirements, however, in no way authorizes these defendants to violate their covenants and to sell these remedies independently and for their own personal use. The defendants claim that William Selner, holding 8½ shares of stock, did not consent to the change of the place of business. He is overborne, however, by the weight of the testimony to the effect that he did consent. But whether or no he consented, he is not justified in proceeding to sell these medicines at the old place of business of the corporation.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.